**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:

                                  Case No. 25-12227-PDR

SANDRA STEELE THOMAS,          Chapter 13

Debtor.

_____ /

**TRUSTEE'S RESPONSE TO SUPPLEMENTAL APPLICATION FOR**
**COMPENSATION FOR PROFESSIONAL SERVICES OR REIMBURSEMENT**
**OF EXPENSES BY ATTORNEY FOR CHAPTER 13 DEBTOR AND**
**CERTIFICATE OF SERVICE**

**COMES NOW**, Nancy K. Neidich, Standing Chapter 13 Trustee, by and through undersigned counsel, and files the instant Response to Attorney's *Supplemental Application for Compensation for Professional Services or Reimbursement of Expenses by Attorney for Chapter 13 Debtor* (the "Supplemental Application") [Dkt. No. 129] and states:

1) This court has jurisdiction to review the attorney fees requested in the instant matter pursuant to 11 U.S.C. 330(a)(1). According to the Eleventh Circuit, in determining attorney fees, a judge must 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in *Johnson v. Georgia Highway Express Inc* 488 F.2d 714 (5th Cir.) and explain how they affect the award. *Grant v. George Schumann Tire & Battery Company* 908 F.2d 874, 877 (11th Cir., 1990).

2) In determining the amount of reasonable compensation to be awarded to a professional person, pursuant to 11 U.S.C. 330(a)(3),

[T]he Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
    (A) the time spent on such services;
    (B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

3) The Trustee acknowledges that the Debtor's Attorney is competent and has experience. Additionally, the Trustee notes that a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. N*orman v. Housing Authority of the City of Montgomery* 836 F.2d 1292 (11th Cir, 1988). See also, *In re: McClanahan* 137 B.R. 73, (Bkr MD Fla, 1992) and *In re: Atwell* 148 B.R. 483 (Bkr WD Ken, 1993).  Counsel's hourly rates are: $450/hour for work performed by Senior Attorneys, $350/hour for work performed by Junior Attorneys, $175/hour for work performed by a paralegal and $100/hour for work performed by assistants/secretaries.

4) An Order Granting Application for Compensation for Professional Services by Attorney for Chapter 13 Debtor awarding a total of $11,300.00 in attorney's fees to Christina Vilaboa-Abel, Esq., to be paid through the Debtor's Chapter 13 Plan was entered on September 19, 2025 (Dkt. No. 64).

5) Counsel's Supplemental Application seeks an additional $53,275.00 to be paid through the Chapter 13 Plan for a combined total in attorney's fees of $78,875.00.

6) A copy of the executed retainer agreement is not attached to the Supplemental Application. However, a copy of the executed retainer agreement (the "Retainer Agreement") is attached to the initial application (Dkt. No. 49).

7) The Retainer Agreement on page 2 of 10 states that the Debtor will be charged a total legal fee of $7,923.00, which is composed of: $5,000 in attorney's fees (Safe Harbor), $313.00 (Filing Fee), $110 (Costs) and $2,500 (MMM Fees) and later states,

   The Client understands and agrees that there is a possibility that a Chapter 13 bankruptcy case may take a course that requires work that goes above and beyond the regular scope of a streamlined Chapter 13 bankruptcy matter. In this case, the Client agrees that the Firm may file an Application for Fees and Costs with the Bankruptcy Court to approve any above and beyond fees incurred in the legal administration of the Client's case. The Client understands that although up to $5,000.00, plus general costs is allowed to be billed and invoiced in fees at the outset without Court approval, as outlined above; ***the Client further understands and agrees that the Firm may bill and invoice up to $10,000.00 with Court approval, if the Client's case takes a nonstandard course, requiring representation to go beyond the normal scope of an average Chapter 13 case***. (emphasis added)

8) It is unclear whether the Debtor has consented to fees that exceed the $10,000 acknowledged in the Retainer Agreement or already awarded in the Order Granting Application or Compensation (Dkt. No. 64). In fact, the Debtor has filed her own response in opposition to the Supplemental Application (Dkt. No. 133).

9) The Debtor's Fifth Amended Chapter 13 Plan (Dkt. No. 69) provides for MMM treatment of Debtor's non-homestead property (POC No.3), the priority claim of the Internal Revenue Service (POC No. 1.5) as well as 100% of the allowed unsecured general claims totaling $48,672.26.

10) The Trustee brings the following items and/or time entries for the court to consider:

   a) The total fees requested on the Supplemental Application anticipate an additional $6,750.00 in fees representing an additional fifteen (15) hours of work necessary to complete the remaining services in this case, which are included in the remaining

balance of $53,275.00 being requested in the Supplemental Application. See Footnote 1 of the Supplemental Application. As Counsel has withdrawn as attorney of record in the instant case, the anticipated fees of $6,750.00 should be removed and/or reduced from the total fee requested, if awarded.

b) The Supplemental Application seeks fees for work performed from 7/31/25 to 5/1/26; However, the Debtor's initial Application for Compensation sought and was awarded fees for work performed from 10/7/2024 to 8/5/2025 as a such it appears that some entries on the Supplemental Application are duplicative and/or seek fees that have already been awarded in the Order Awarding Fees (Dkt. No. 64), specifically, 7/31/25 for drafting of a Fourth Amended Plan, 7/31/25 for review of Local Rules re: Fee Application, 7/31 for Drafting Application for Compensation, 7/31 phone call to review Fee App, 7/31 review of fee application and 8/4/25 filing of Application for Compensation.

c) The following time entries appear duplicative: 7/31/25, 8/13/25, 8/22/25 and 10/8/25 all appear to involve the drafting and/or reworking of a Fifth Amended Plan for a total time spent over all entries of 3 hours and a total fee request of $1,295.00 and 12/29/25, 1/9/26, 1/20/26, 1/22/26, 2/2/26, 2/16/26 and 2/27/26 all reference the drafting and/or editing of a Settlement Agreement for a total time spent of 9.4 hours and a request of $3,290.00 in fees.

d) The following time entries appear excessive: 9/9/25 (3 hours) for attendance at hearing on Debtor's Application for Compensation and 10/14/25 (2.5 hours) and 11/4/25 (2 hours) for attendance at Confirmation Hearings.

11) Additionally, the Trustee notes there are a few time entries for clerical and/or administrative, rather than for substantive legal work performed as well as numerous time entries for what appear to be interoffice communications between the firm's associate attorney and/or paralegals and the senior attorneys at the firm, some of which appear to be routine in nature. The Trustee is unclear as to whether these entries should be billed.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2026 a true and correct copy of the foregoing *Trustee's Response to Attorney's Supplemental Application for Compensation* was served electronically on the following parties:

Debtor's Former Counsel, Christina Vilaboa-Abel, Esq., at eservice@cavalegal.com
Aubrey Rudd, Esq., at aubreyruddlaw@gmail.com (Dkt. No. 148)

I further certify that on July 7, 2026, I served a copy of the foregoing document(s) by U.S. mail on:

Sandra Steele Thomas, Debtor
11230 SW 138th Terr.,
Miami, L 33176

Respectfully submitted:
NANCY K. NEIDICH
Standing Chapter 13 Trustee

By: */s/Gianny Blanco*
GIANNY BLANCO, ESQ.,
FLORIDA BAR NO.: 78080
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402